```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           CHARLOTTE DIVISION
              3:09CV140-MU-02
```

| | | |
|---|---|---|
| **JAMARRA RICO SMITH,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of <u>Habeas Corpus</u> . . ." (document # 1); and on his Application to Proceed without Prepayment of Fees (document # 2), both filed April 7, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs <u>habeas</u> courts promptly to examine <u>habeas</u> petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's IFP Application will be <u>denied</u>, and his Petition will be <u>dismissed</u> as time-barred.

### I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the Petition and exhibits submitted by Petitioner, on March 22, 1995, he pled no contest to one count of first-degree murder, one count of common law robbery, and one count of breaking and entering. Upon being convicted, the Superior

Court of Union County sentenced Petitioner to a term of life imprisonment on the murder conviction, and to two concurrent three-year terms on the robbery and breaking and entering convictions. Petitioner did not appeal either his convictions or sentences.

Rather, after a delay of more than 12 years, at some point in 2008, Petitioner initiated his pursuit of collateral review by filing a Motion for Appropriate Relief ("MAR," hereafter) in the Superior Court of Union County challenging, inter alia, the effectiveness of his counsel. However, on October 20, 2008, Petitioner's MAR was denied. Additionally, Petitioner filed Petitions for a Writ of Certiorari in both the State Court of Appeals and the State Supreme Court. Nevertheless, Petitioner's pursuit of collateral review was concluded on March 25, 2009, when the State Supreme Court denied his Certiorari Petition.

Now, Petitioner has filed the instant federal § 2254 Petition attempting to argue that he was subjected to ineffective assistance of counsel; that his arrest was unlawful; that his guilty pleas were unlawfully coerced and induced; and that his conviction was secured in violation of his rights to due process and the effective assistance of counsel. Notwithstanding his apparent attempts to avoid such fact, the Court finds that Petitioner's Motion is untimely and must be summarily dismissed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

In the instant case, as the Court has noted, Petitioner's convictions and sentences all were imposed on March 22, 1995, and he did <u>not</u> directly appeal those matters. Under those circumstances, then, Petitioner's 1995 convictions and sentences became final under 28 U.S.C. § 2244(d)(1)(A), at the latest, on April 1, 1995, that is, when the time for seeking direct review expired. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 528 (2003)(holding that AEDPA 1-year limitations period starts running from the date when the judgement of conviction became final at the end of direct review, or when the time for seeking such direct review expired); <u>and</u> N.C.R.App. P. 4(a)[1] (then providing ten days for service of notice of appeal).

Additionally, because Petitioner's conviction became final prior to the effective date of the AEDPA, the law calculates his one-year limitations period as running from the AEDPA's effective date of April 24, 1996 up to and including April 23, 1997. <u>Brown v. Angelone</u>, 150 F.3d 370, 375 (4th Cir. 1998). Ultimately, then, in the absence of any intervening circumstances, Petitioner had up to and including April 23, 1997, in which to file the instant § 2254 Petition. Obviously, however, Petitioner did <u>not</u> file this Petition by that April 1997 deadline.

Moreover, while it has not escaped the Court's attention that

---

[1] In 2001, the North Carolina legislature amended Rule four to allow fourteen days for filing a notice of appeal. Obviously, however, Petitioner's convictions predate that amendment, so the 10-day appeal period is applicable here.

4

Petitioner did seek post-conviction review in the State court system, that fact is of little consequence here. To be sure, Petitioner did not initiate pursuit of that collateral review until sometime in 2008, which was more than a decade <u>after</u> his convictions and sentences became final. To put it another way, by the time Petitioner filed that MAR, his April 1997 AEDPA deadline already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. <u>See</u> <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Having allowed more than 10 years to elapse between the time his convictions became final and the date he began his pursuit of federal relief, Petitioner was in the position to know that this Petition might be construed as time-barred. Indeed, in January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial,

5

perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."

Consistent with that requirement, therefore, in December 2004, the Administrative Office of the United States Courts modified the federal habeas forms to comply with Hill. The 2004 forms include a section which directs petitioners to address the "timeliness of [their] motion[s]." In particular, question 18 on the new form advises petitioners that if their convictions became final more than one year before the time that the habeas petition is being submitted, they "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] petition."

In the instant case, Petitioner submitted his Petition on the amended 2004 form; however, he sought to avoid the issue of timeliness by simply omitting certain of the form's pages from his Petition. Specifically, Petitioner omitted the pages on which he was directed both to provide specific dates and circumstances concerning any direct appeal (pages 3 through 5), and he omitted the page on which question 18 appears requesting an explanation for his delay in filing the Petition (page 14). The form-Petition which Petitioner submitted to this Court mysteriously consists only

of pages 2, 6 through 13, and 15.  As is obvious, therefore, Petitioner was well aware of his obligation to provide such information, but in an attempt to be clever, he ignored those matters and submitted a form which tends to show that he had no excuse for his delay.  Consequently, the Court finds that Petitioner is not entitled to any further warnings or opportunities in this regard; and that Petitioner has failed to provide a statutory basis for excusing his delay.

Equally critically, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc).  Again, however, Petitioner has chosen not to provide any information which could support the application of equitable tolling principles.  Rather, on this record the Court finds that equitable tolling would be particularly inappropriate here, since Petitioner inexplicably allowed the one-year limitations period completely to expire before he made any effort to exercise his collateral rights in State Court.  While Petitioner was entitled to delay his proceedings in that way, he did so at his own peril, and so must fully bear the consequences of that unwise decision.

The Court also is aware of the Fourth Circuit's recent

decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Circuit Court, specifically limiting its holding to the facts of that case, concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is distinguishable from Bilal. In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status; and the petitioner's Petition was determined to have been late by only 30 days.

Here, however, Petitioner attempted to side-step question 18 by intentionally omitting it from his Petition. Moreover, unlike Bilal, this case involves more than a decade-long delay between the time that Petitioner's cases became final until the date on which he filed his MAR. As such, this Court finds Bilal inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

Finally, Petitioner has filed an Application to Proceed without Prepayment of fees, seeking to avoid the $5.00 filing fee. Petitioner's Application reports that he is not employed at his prison, but he does receive monetary gifts from his family. Furthermore, the inmate trust account statement which Petitioner submitted only reflects debit activity for his account, and such activity only covers the four months preceding his filing of his

IFP Application. In other words, the statement does not cover the accounts total activity for the six months preceding his Application as required by the IFP Application form. Consequently, Petitioner has failed to establish that he cannot pay the $5.00 filing fee, so his Application must be <u>denied</u>.

### III. <u>CONCLUSION</u>

The Court has determined that Petitioner has failed conclusively to establish that he lacks sufficient resources from which to pay the meager $5.00 filing fee for this action and, in any event, that the instant Petition was untimely filed without excuse. Therefore, Petitioner will be directed to remit the subject filing fee and his Petition will be <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's IFP Application (document # 2) is **DENIED**. Within fifteen (15) days of the date on which this Order is entered, Petitioner shall remit the $5.00 filing fee.

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: April 9, 2009

Graham C. Mullen
United States District Judge